UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONIQUE WILSON, ) | |
| ) | |
| Plaintiff, ) | Case: 1:25-cv-04536 |
| ) | |
| v. ) | |
| ) | |
| PROVEN BUSINESS SYSTEMS, LLC d/b/a ) | |
| PROVEN IT, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Monique Wilson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Proven Business Systems, LLC d/b/a Proven IT ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

3. This s lawsuit also arises under Illinois common law for Defendant's termination of Plaintiff's employment in retaliation for Plaintiff asserting her rights under Illinois Workers'

Compensation Act.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This Court has pendent jurisdiction and supplementary jurisdiction of Count V through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 have occurred or been complied with.

8. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Monique Wilson, resides in Cook County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Proven Business Systems, LLC d/b/a Proven IT, is a limited liability company doing business in and for Cook County

whose address is 18450 Crossing Drive, Tinley Park, Illinois 60487-9279.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and 29 U.S.C.§ 2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

14. Plaintiff was hired by Defendant as a driver on or around November 7, 2022.

15. Plaintiff has a physical impairment that substantially limits major life activities.

16. Specifically, Plaintiff suffers from a rotator cuff injury which causes severe shoulder pain and the need for surgery.

17. Plaintiff is a "qualified individual" as defined under the ADA.

18. Regardless of Plaintiff's disability, Plaintiff was qualified to perform the essential functions of her job with or without accommodation.

19. On or about August 7, 2024, Plaintiff went to the ER and was diagnosed with a rotator cuff injury, which resulted from work-related wear and tear.

20. Immediately, Plaintiff informed Defendant of her intention to file a Workers Compensation (WC) claim.

21. However, Plaintiff faced significant obstacles in doing so because Defendant was not providing Plaintiff with sufficient information or assistance.

22. On or about August 8, 2024, Plaintiff spoke with the Director of Operations, Phil

3

Dinella ("Mr. Dinella"), about Plaintiff's injury and desire to file a claim.

23. On or about August 12, 2024, Plaintiff again spoke with Mr. Dinella about her desire to file a claim.

24. On or about August 13, 2024, Mr. Dinella told Plaintiff that HR would not process Plaintiff's claim because they did not believe the injury occurred at work.

25. On or about August 19, 2024, when Plaintiff requested that Mr. Dinella send this notion in writing, HR processed Plaintiff's claim on the same day.

26. The sudden change in processing Plaintiff's claim indicates that Defendant was trying to skirt its obligations under Illinois Workers' Compensation Act.

27. On or about August 29, 2024, Plaintiff requested to return to work on light duty, as her injury had not fully healed.

28. However, HR told Plaintiff that no light-duty positions were available company-wide and Plaintiff would have to take FMLA leave.

29. This statement was false, as Plaintiff knew of other employees who had been allowed light-duty work, including a driver who returned after a hernia and a driver helper who returned to work after appendix surgery.

30. Therefore, Plaintiff was being treated differently than other similarly situated individuals.

31. Defendant's lack of accommodating Plaintiff's return for light duty was in retaliation for Plaintiff filing a workers' compensation claim.

32. In addition, drivers, including Plaintiff, sometimes performed tasks in the warehouse or shipping department when routes were finished early.

33. HR's refusal to offer Plaintiff light-duty work, despite available opportunities, was a clear failure to accommodate Plaintiff's disability.

34. On or about August 30, 2024, HR provided Plaintiff with FMLA paperwork to have filled out and returned to them.

35. However, Plaintiff ultimately did not fill in the paperwork given she was available to return to work.

36. Notwithstanding, Plaintiff received an FMLA approval notice, approving Plaintiff for leave through October 31, 2024.

37. In or around September 2024, Plaintiff retained a worker's compensation attorney.

38. During this time, Plaintiff did not receive support from HR in managing her claim, and they continued to pressure Plaintiff about paying for her health insurance premiums, despite Plaintiff's pending claim for worker's compensation.

39. Defendant's conduct made it clear that it was continuing its attempts to shirk its responsibilities related to Plaintiff's work place injury, and instead was attempting to force Plaintiff to incur all costs associated with her injury.

40. On or about October 31, 2024, HR informed Plaintiff that her FMLA leave had been exhausted, and that Defendant would assume Plaintiff had resigned if she did not respond by November 1, 2024.

41. Plaintiff responded on the same day, stating that Plaintiff had not resigned, Plaintiff had requested and been denied light duty work, and that Plaintiff still wanted to return to work, but her shoulder had not healed yet, so Plaintiff needed light duty work as a reasonable accommodation.

5

42. Despite Plaintiff's reasonable request, HR replied stating that because Plaintiff could not return to work without an accommodation, her position was no longer available to Plaintiff, and her employment was terminated.

43. By terminating Plaintiff's employment, Defendant failed to engage in the interactive process as required by the ADA.

44. Therefore, instead of accommodating Plaintiff's disability, Defendant terminated her employment on the basis of her disability.

45. Additionally, Plaintiff's termination was a direct result of retaliation for filing a worker's compensation claim, asserting her rights under FMLA, and informing Defendant about a disability and requesting a reasonable accommodation for her disability under the ADA, which was denied.

46. Ultimately, on or about November 1, 2024, Plaintiff was terminated on the basis of Plaintiff's disability and engaging in protected activity as described above.

47. The purported justification for termination was unlawful discrimination based on disability or because Defendant perceived Plaintiff as disabled.

48. Additionally, Defendant unlawfully terminated Plaintiff in retaliation for Plaintiff exercising her rights in seeking medical care she was entitled to under (820 ILCS 305/) Illinois Worker's Compensation Act.

49. (820 ILCS 305/) Illinois Worker's Compensation Act states in pertinent part that:

(h) It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.

It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

(820 ILCS 305/4) (from Ch. 48, par. 138.4) (Text of Section from P.A. 101-40 and 102-37)

50. Defendant had a duty to not only refrain from retaliating against Plaintiff following her work injury, but to honor his light-duty restrictions which they failed to do.

51. Defendant interfered and retaliated against Plaintiff for exercising her FMLA rights following her workplace injury.

52. Defendant's explanation for termination is pretext for unlawful discrimination and retaliation.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

58. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

7

59. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

60. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act
### (Failure to Accommodate)

62. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq

64. Plaintiff is a qualified individual with a disability.

65. Defendant was aware of the disability and the need for accommodations.

66. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

67. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

68. Defendant did not accommodate Plaintiff's disability.

69. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

70. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

### COUNT III
### Violation of Americans with Disabilities Act
### (Retaliation)

72. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

73. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

74. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations in relation to her disability.

75. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

77. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

78. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Demand for Relief for Retaliatory Discharge
### (Worker's Compensation Retaliation- Illinois Common Law)

80. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

81. Illinois common law recognizes a cause of action for retaliatory discharge.

82. Plaintiff's employment was terminated by Defendant.

83. Plaintiff's discharge was in retaliation for action of the Plaintiff's protected activity of asserting her rights under the IWCA.

84. The termination of Plaintiff's employment violates a clear mandate of public policy.

85. By reason of Defendant's retaliation, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under common law.

86. Defendant intentionally interfered, restrained, and retaliated against Plaintiff after she was injured on the job, sought medical attention, and attempted to exercise her rights pursuant to the IWCA.

87. Plaintiff was discharged because of Plaintiff's claim of injury and receipt of compensation under the IWCA in violation of (820 ILCS 305/4) Illinois Worker's Compensation Act.

88. As a result of said interference, retaliation, and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

## COUNT V
### Violation of the Family and Medical Leave Act
### FMLA Interference - Failure To Provide FMLA Information

89. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

90. On November 7, 2023, Plaintiff was eligible for FMLA leave.

91. At all times material, Plaintiff gave proper notice to their employer by informing them of the serious medical condition, which required Plaintiff to need light duty accommodations and surgery.

92. Defendant controlled Plaintiff's work schedule and conditions of employment.

93. Plaintiff provided enough information for their employer to know that Plaintiff's potential leave may be covered by the FMLA.

94. Despite their knowledge of Plaintiff's medical condition, their employer failed to notify Plaintiff of their eligibility status and rights under the FMLA and failed to notify Plaintiff whether their leave was or could be designated as FMLA leave.

95. When Plaintiff's employer failed to notify Plaintiff of their eligibility status and rights under the FMLA and failed to notify Plaintiff whether the requested leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

96. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

97. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

98. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

99. Plaintiff repeats and re-alleges paragraphs 1-52 as if fully stated herein.

100. Defendant terminated Plaintiff after Plaintiff provide notice of a request for medical leave, which constitutes a request for taking FMLA leave.

101. Defendant terminated Plaintiff because Plaintiff took FMLA leave as described above.

102. Specifically, Plaintiff took FMLA leave due to Defendant denying Plaintiff's return to work following a workplace injury in which she needed light duty accommodations.

103. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

104. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

105. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

   f.  Liquidated damages;

   g.  Reasonable attorneys' fees and costs;

   h.  Award pre-judgment interest if applicable; and

   i.  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this April 25th, 2025.

                */s/ Travis P. Lampert*
                **TRAVIS P. LAMPERT, ESQ.**
                **SULAIMAN LAW GROUP LTD.**
                2500 S. Highland Avenue, Suite 200
                Lombard, Illinois 60148
                Phone (630) 581-5456
                Fax (630) 575 - 8188
                tlampert@sulaimanlaw.com
                *Attorney for Plaintiff*